UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| RAY SHATNEY and JANET STEWARD, <br> individually and jointly as owners of <br> GREENFIELD HIGHLAND BEEF, LLC, <br> SHAT ACRES HIGHLAND CATTLE, <br> LLC, and SHATNEY TREE SERVICE, <br> LLC, <br> <br> Plaintiffs, <br> <br> v. <br> <br> JOSEPH LAPORTE, in his official capacity <br> as Chief of Police of the Hardwick Police <br> Department, and TANNER ATWOOD and <br> WILLIAM FIELD, Officers of the Hardwick <br> Police Department, and the TOWN OF <br> HARDWICK, <br> <br> Defendants. | Case No. 5:12-cv-00023 |

**OPINION AND ORDER RE:**
**PLAINTIFFS' AND DEFENDANTS' MOTIONS FOR RECONSIDERATION**
**(Docs. 190 & 191)**

Both plaintiffs and defendants Town of Hardwick and Joseph LaPorte have moved for reconsideration of the court's November 7, 2014 order granting summary judgment on all claims except for plaintiffs' claim of negligence against LaPorte. The court addresses each motion in turn.

    I.    **Plaintiffs' Motion for Reconsideration (Doc. 191)**

Plaintiffs contend that the court erroneously granted summary judgment to defendants on their equal protection claim, because it overlooked evidence that the Hardwick Police Department (HPD) did not investigate plaintiffs' complaints in 2008 and 2009 while investigating similar complaints of other people. In their "Revised Counterstatement of Material Fact," filed in response to defendants' motions for summary judgment, plaintiffs alleged that the HPD has a practice of sending information about its weekly activities to the Hardwick Gazette, a

1

local newspaper, which publishes everything it is sent. (Doc. 174 at 40.) They alleged that none of Shatney's complaints to the HPD were reported in the paper during 2008 and 2009, indicating that the HPD was not investigating Shatney's complaints. Meanwhile, they asserted, during the same period the HPD reported investigating numerous similar criminal incidents involving other people in town, including thefts, violations of abuse prevention orders, unlawful mischief, mail thefts, trespassing, and simple assaults. In support of these allegations, they cited to the affidavit of plaintiff Janet Steward, who states that she personally reviewed the Gazette and found no mention of her or Shatney's name in any of the police reports published during that time. (Doc. 191-1.)

      The court will consider the merits of the motion to reconsider despite its late filing under the Local Rules. The court accepts, for the purposes of summary judgment, that plaintiffs' allegations and resulting inferences are true—despite the questionable admissibility of the information in Steward's affidavit. The allegations drawn from the records of the HPD do not alter the court's conclusion that plaintiffs have failed to establish an equal protection claim against defendants under either a class-of-one or a selective-enforcement theory.

      In its November 7 decision, the court likewise accepted as true the plaintiffs' claims that the HPD had an unwritten policy of ignoring their complaints and that the HPD failed to investigate, or inadequately investigated, their numerous complaints to the HPD. The absence of mention of their complaints in the Gazette supports these assertions, but still is insufficient to show that plaintiffs were treated differently from persons similarly situated to themselves, as required to prevail on either a class-of-one or a selective-enforcement equal protection claim. *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006); *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995). Under either theory, "plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Clubside, Inc.*, 468 F.3d at 159; *see also Savino v. Town of Southeast*, 983 F. Supp. 2d 293, 305 (S.D.N.Y. 2013). The simple fact that there were reports in the paper of other incidents involving the same types of crimes that Shatney and Steward reported to the HPD during 2008 and 2009 tells the court nothing about the nature or circumstances of these other crimes or the situations of the victims. Thus, it is impossible to say that these unnamed persons were extremely similar to plaintiffs.

Plaintiffs claim that the lack of mention of their complaints in the paper proves that none of their complaints was ever investigated by the HPD. Thus, they argue that this is an obvious case of discrimination, and they do not need to identify similarly situated persons to prove their equal protection claim. See *Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir. 2012) (holding that plaintiff stated class-of-one equal protection claim where he alleged that he received twenty-four baseless parking tickets in a fourteen-month period from one unit of the police department). First, plaintiffs' assertion is contradicted by their admission that at least some of Shatney's complaints during 2008 and 2009 were investigated to some degree, whether or not they were reported in the paper. (Doc. 138 ¶¶ 40; 54-55.) As the court noted in the previous decision, many of Shatney's other complaints involved acts by unknown individuals, making it difficult for police to investigate them. Second, unlike *Geinosky* or the other case cited by plaintiffs, *Hanes v. Zurick*, 578 F.3d 491 (7th Cir. 2009), in this case there is no pattern of obviously baseless charges against plaintiffs. Shatney was cited once, for assault, and there was probable cause to support the charge.

As plaintiffs have failed to show that the evidence to which they call the court's attention is sufficient to salvage their equal protection claim, their motion for reconsideration is DENIED.

II.     **Defendants' Motion for Reconsideration (Doc. 190)**

In their second amended complaint, plaintiffs alleged that members of the Hardwick Police Department (HPD), which this court interpreted to include former police chief LaPorte, breached their duty to protect plaintiffs from criminal harm and to investigate plaintiffs' complaints. Defendants Tanner Atwood and William Field moved for summary judgment on the merits of the negligence claim, and the court granted their motion because plaintiffs failed to respond. However, the Town and LaPorte did not move for summary judgment on the merits of plaintiffs' negligence claim to the extent that it was based on actions or omissions by LaPorte.

The Town and LaPorte now seek reconsideration of that decision, arguing that plaintiffs did not assert a negligence claim against them in the complaint. They also argue that even if plaintiffs did assert such a claim, LaPorte must be dismissed as a party because the only claims brought by plaintiffs against him were in his official capacity as police chief, and therefore must

3

be pursued against the Town alone. Finally, they argue that plaintiffs' negligence claim fails on the merits and is barred by qualified immunity.

"The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion should not be granted "where the moving party seeks solely to relitigate an issue already decided." *Id.* However, "[m]otions for reconsideration are entrusted to the sound discretion of the district court." *Zorn v. Progressive Ins. Co.*, No. 1:06-CV-240, 2007 WL 1459304, at *1 (D. Vt. May 15, 2007).

Defendants have not identified any changes in controlling law or new evidence. However, the court finds that reconsideration is warranted because the earlier decision did not address the merits of the negligence claim and principles of judicial economy weigh in favor of addressing the claim at this stage of the litigation.

As a threshold matter, defendants correctly argue that LaPorte should have been dismissed as a party, because the negligence claim is brought against him in his official capacity, and such claims may only be brought against the Town under Vermont law. *See* 24 V.S.A. § 901 (requiring that actions against municipal officers who were acting in their official capacities be brought against the municipality); *Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005). The court therefore GRANTS defendants' request to dismiss LaPorte as a party.

What remains is plaintiffs' state-law negligence claim against the Town based on actions or omissions by LaPorte. This claim fails because plaintiffs cannot establish that defendants owed them a legal duty to protect them from criminal acts of third parties or to investigate their complaints in a particular manner.

Whether a duty exists is a question of law. *O'Connell v. Killington, Ltd.*, 665 A.2d 39, 42 (Vt. 1995). Under Vermont law, there is generally no affirmative duty between strangers to control the conduct of third persons to prevent harm. *See Edson v. Barre Supervisory Union No. 61*, 933 A.2d 200, 205 (Vt. 2007) ("In general, crimes committed by a third party fall within the realm of the unforeseeable, and therefore cannot form the basis for liability."). "However, in

4

certain circumstances [the government] may take upon itself a greater, special duty." *Kane v. Lamothe*, 936 A.2d 1303, 1307-08 (Vt. 2007). The Vermont Supreme Court has set forth the following factors for courts to consider in determining whether a government agency has undertaken a special duty of care to a specific person beyond that extended to the general public:

> (1) [W]hether a statute sets forth mandatory acts for the protection of a particular class of persons; (2) whether the government has knowledge that particular persons within that class are in danger; (3) whether those persons have relied on the government's representations or conduct; and (4) whether the government's failure to use due care would increase the risk of harm beyond what it was at the time the government acted or failed to act.

*Sabia v. State*, 669 A.2d 1187, 1191 (Vt. 1995). In *Sabia*, the court ruled that the state child protection agency had an affirmative duty to protect two sisters from a known abuser because the agency was aware that abuse had taken place and statutory law mandated it to protect children from abuse. *Id.* at 1191-92. More recently, in *Kennery v. State*, the court held that a jury could find that the State owed the plaintiff's decedent a duty to perform a "welfare check" with due care where state troopers promised the decedent's daughter that they would check on the decedent, but went to the wrong residence and therefore did not find the decedent, who had collapsed in her backyard and subsequently died of hypothermia.[1] 38 A.3d 35, 40 (Vt. 2011).

By contrast, in *Kane v. Lamothe*, the Vermont Supreme Court concluded that neither general statutes directed at preventing crime nor internal police policies created a special duty between victims of domestic violence and law enforcement officers that would make a Vermont State Police trooper liable for his allegedly negligent response to an incident of domestic abuse.

---

[1] *Kennery* was based on Restatement (Second) of Torts § 324A (1965), which provides that:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Kane*, 936 A.2d at 1308-09. Similarly, in the recent decision of *Baptie v. Bruno*, the court held that a police officer owed no special duty to a murder victim that would make him liable for his allegedly negligent response to threats against the victim prior to the murder. 88 A.3d 1212, 1219 (Vt. 2013) ("Defendant neither promised, nor had a duty, to conduct his investigation in a particular manner."). The *Baptie* decision distinguished *Kennery*, holding that the investigation of a crime is a discretionary act, unlike the ministerial act of performing a welfare check. *Id*. at 1216-17.

This case is like *Kane* and *Baptie*. Plaintiffs have identified no statute that creates a special duty owed by the Town or its police force to protect plaintiffs from petty criminal acts by third parties or to investigate their complaints in a particular way. The statutes governing the duties of municipal police are broad and directed at detecting and preventing crime generally. *See* 24 V.S.A. § 1935 (stating that municipal police "shall have the same powers as sheriffs in criminal matters and the enforcement of the law"); 24 V.S.A. § 299 ("A sheriff shall preserve the peace, and suppress, with force and strong hand, if necessary, unlawful disorder."). The duties identified in these statutes are designed to protect the community as a whole, not just crime victims. *Kane*, 936 A.2d at 1308. They create no special relationship between the Town and plaintiffs.

Nor have plaintiffs identified any promises or representations by LaPorte sufficient to create a special duty. The sole allegation that might qualify is their claim that LaPorte apologized for the HPD's slow response to the "nail incident" and stated that in future, if plaintiffs made a call, an officer would respond and the complaint would be investigated. Accepting this allegation as true—as the court must at the summary judgment phase—such a statement does not create any duty on behalf of LaPorte or the Town to conduct police investigations of future calls made by plaintiffs in a particular manner, or to resolve such complaints in a specific way. *See Baptie*, 88 A.3d at 1218 (holding that police officer's statement to plaintiffs that he would investigate their complaint and attempt to locate perpetrator and charge him with a misdemeanor did not create duty to investigate complaint in a particular fashion).

As plaintiffs have not shown that the Town owed them a special duty of care to protect them from criminal acts or to resolve their complaints in a particular manner, their negligence

claim fails as a matter of law. The court accordingly finds it unnecessary to address defendants' argument that the negligence claim is barred by qualified immunity.

### III.   Conclusion

Plaintiffs' motion for reconsideration is DENIED. (Doc. 191.) Defendants' motion for reconsideration is GRANTED, and their requests to dismiss Joseph LaPorte as a party and for summary judgment on plaintiffs' remaining negligence claim are likewise GRANTED. (Doc. 190.)

Dated at Rutland, in the District of Vermont, this 18th day of December, 2014.

Geoffrey W. Crawford, Judge
United States District Court